IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALLACE AUTO PARTS & SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES L. CRANE AGENCY COMPANY and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, <br><br> Defendants. | Case No. 14-1377-SMY-DGW |

## MEMORANDUM AND ORDER

This matter comes before the Court on motions for summary judgment filed by Defendant Travelers' Indemnity Company of Connecticut ("Travelers") (Doc. 30), Defendant Charles L. Crane Agency Company ("Crane") (Doc. 31), and Plaintiff Wallace Auto Parts & Services, Inc. ("Wallace Auto") (Doc. 37). For the following reasons, the Court **GRANTS** Travelers' Motion for Summary Judgment , **GRANTS** Crane's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment as to both defendants.

### Background

The following facts are undisputed. Plaintiff Wallace Auto is a corporation that sells auto parts and manufactures/retrofits underground mining equipment. Rod Wallace is the president and sole shareholder of Wallace Auto. Doc. 30-1, p. 5-6. Doc. 37-2, p. 10. Beginning in 1992, Wallace Auto leased (and, at the time of depositions, continued to rent) property located at 5605 Highway 34 North in Raleigh, Illinois from Amy Wallace. Doc. 37-3, p. 10. Although Amy Wallace and Rod Wallace are married, Amy Wallace holds no ownership interest in Wallace Auto. Doc. 37-2, p. 84-85; Doc. 37-3, p. 10; Doc. 30-1, p. 5-6.

Crane is a full-service insurance brokerage firm that sells, solicits and negotiates insurance coverage for its clients. Doc. 31-1, p. 1.  George Hubbard is a broker for Crane.  Doc. 31-3, p. 2.  Beginning in 1994, through Hubbard as broker, Crane procured quotes and policies with Amy Wallace's name listed as an additional insured at the request of Rod Wallace.  Doc. 37-6, p. 1-4; Doc. 37-7 p. 1; Doc. 37-8, p. 2.  However, Amy Wallace's name did not appear on policies procured by Crane after 1999.  Doc. 37-2, p.  Rod Wallace did not request that Amy Wallace's name be removed as an additional insured.  Doc. 37-2, p. 60-61, 90.

Through Hubbard, Crane procured a commercial insurance policy for Plaintiff from Defendant Travelers.  Doc. 2-1, p. 26-72.   When two buildings on the property were destroyed by fire in November 2012, Defendant Travelers paid to Plaintiff the agreed-upon cash value of the damages.  Doc.  30-3, p. 5.  Wallace Auto decided not to rebuild.  Doc. 37-2, p.11.  Instead, Amy Wallace procured vacation rental cabins in Tennessee to replace her income stream.  Doc. 37-2, p. 45-49.  Because Amy Wallace was not a named insured on the policy, Travelers denied Plaintiff's $349,006.49 replacement value claim. Doc. 37-5, p. 36.  Plaintiff seeks to recover this amount pursuant to a breach of contract claim against Travelers policy or on a breach of fiduciary duty and/or negligence claim against Crane.

**Analysis**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ.

P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

Here, the Court will analyze arguments between Plaintiff and each defendant separately. For its motion, Travelers argues that it is not liable to compensate Plaintiff for the replacement value of the destroyed buildings because Plaintiff did not replace the buildings. Thus, when it issued payment for the loss value under the policy, it fulfilled its obligation. Plaintiff argues that the insurance policy does not define the term "replacement" and that the Court should resolve ambiguity of the term in favor of Wallace Auto. Ultimately, Plaintiff argues that the log cabins purchased in Tennessee by Amy Wallace constitute replacement because Amy Wallace had an insurable interest in the destroyed buildings (despite the absence of her name on the insurance policy).

The Court need not address whether log cabins in Tennessee constitute a "replacement" under the Travelers policy or whether the term is ambiguous. Amy Wallace was not a party to the contract between Plaintiff and Travelers, has not brought an action on her own behalf as a third-party beneficiary and has no ownership interest in Wallace Auto. Wallace Auto, through its president and sole shareholder, cancelled its lease and decided not to rebuild after the fire. Instead, Wallace Auto entered into a subsequent rental agreement with Amy Wallace and began renting a trailer and "storage container type pods" after the buildings were destroyed. Doc. 37-2,

p. 11. Wallace Auto— the sole insured entity named on the policy with Travelers— did not purchase log cabins or otherwise replace the property in question by any definition.

As Travelers correctly states, Wallace Auto's payment of $349,006.49 to Amy Wallace (whether required by the lease agreement or not) does not oblige Travelers to compensate Wallace Auto under the replacement cost coverage provision of the insurance policy. The policy is clear that Wallace Auto must replace the insured property in order to be compensated for replacement. There being no material issues of fact to be resolved, the Court **GRANTS** summary judgment in favor of Defendant Travelers' Indemnity Company of Connecticut.

For its motion, Defendant Crane first contends that Plaintiff's negligence and breach of contract claims (Counts II and IV) are barred by the two-year statute of limitations. Crane argues that the claims accrued in July, 2012 when a copy of the policy on which Amy Wallace's name was omitted as an additional insured was delivered to Plaintiff. Plaintiff counters that its cause of action against Crane did not accrue until November, 2014—when the replacement claim was denied.

Illinois law requires that "[a]ll causes of action brought … against an insurance producer… concerning the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within 2 years of the date the cause of action accrues." 735 ILCS 5/13-214.4. In Illinois, contract actions and actions for torts arising out of contractual relationships accrue at the time of breach and not when a party sustains damages. *Indiana Ins. Co. v. Machon & Machon, Inc.*, 753 N.E. 2d 442, 445 (Ill. App. 2001). However, in actions against insurance producers, the discovery rule may delay the commencement of a limitations period if the plaintiff was not immediately aware of a discrepancy. *State Farm Fire & Cas. Co. v. John J. Rickhoff Sheet Metal Co.*, 914 N.E.2d 577, 594 (Ill. App. 2009).

Crane cites *Hoover v. Country Mut. Ins. Co.*, 975 N.E.2d 638 (Ill. App. 2012) and argues that Plaintiff's claim against it accrued under the discovery rule when Plaintiff received the policy because Plaintiff should have then known of the alleged breach. In *Hoover*, a negligence claim against an insurance producer was deemed untimely because plaintiffs "knew or should have known" that the policy was inadequate when they *received their policy*—more than two years before they filed their complaint. *Id* at 650.

Plaintiff cites *Broadnax v. Morrow*, 762 N.E.2d 1152 (Ill. App. 2002) in support of its argument that the claim did not accrue until insurance coverage was denied. In *Broadnax*, the Court found plaintiff "should have reasonably known of defendants' possible negligence when [the insurer] *denied his claim* on the basis of the vacancy provision in his policy." *Id* at 1157 (emphasis added).

Defendant is correct. The Court finds, for the purposes of the application of the discovery rule, Plaintiff reasonably should have known of Crane's alleged breach of contract and negligence when Rod Wallace received a copy of the insurance policy in July, 2012. *Broadnax* does not relieve a policyholder from an obligation to review an insurance policy. In *Broadnax*, the first opportunity the policyholder had to discover the breach by the insurance producer was when the coverage was denied. That is not the case here. Accordingly, the Court **GRANTS** summary judgment in favor of Crane as to Counts II and IV of Plaintiff's Complaint.

Defendant Crane also moves for summary judgment of Plaintiff's breach of fiduciary duty claim (Count III). In this regard, Crane argues that it is shielded from liability as an "insurance producer" under the Illinois Insurance Placement Act (hereinafter, "the Act") 735 ILCS 5/2-2201(b). In response, Plaintiff cites to §2201(d) of the Act which limits the shield on liability. Relevant portions of the Act state as follows:

> (b) No cause of action brought by any person or entity against any insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance shall subject the insurance producer, registered firm, or limited insurance representative to civil liability under standards governing the conduct of a fiduciary or a fiduciary relationship except when the conduct upon which the cause of action is based involves the wrongful retention or misappropriation by the insurance producer, registered firm, or limited insurance representative of any money that was received as premiums, as a premium deposit, or as payment of a claim.
> \*\*\*
>
> (d) While limiting the scope of liability of an insurance producer, registered firm, or limited insurance representative under standards governing the conduct of a fiduciary or a fiduciary relationship, the provisions of this Section do not limit or release an insurance producer, registered firm, or limited insurance representative from liability for negligence concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance. 735 ILCS 5/2-2201(b) and (d).

Since there are no allegations of retention or misappropriation of money received by Crane, based on section (b), Plaintiff's claim for breach of fiduciary duty may not proceed and summary judgment is **GRANTED** as to Count III.

The Court finds it unnecessary to repeat its analysis as to Plaintiff's Motion for Summary Judgment and **DENIES** the motion in its entirety.

To summarize:

- Defendant Travelers Indemnity Company of Connecticut's Motion for Summary Judgment is **GRANTED**.

- Defendant Charles L Crane Agency Company's Motion for Summary Judgment is **GRANTED**.

- Plaintiff Wallace Auto Parts & Services' Motion for Summary Judgment is **DENIED**.

6

As no counts remain pending, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED:  December 14, 2015**

/s/ *Staci M. Yandle*
**STACI M. YANDLE**
**DISTRICT JUDGE**
